**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1503-24

BRIGHTHOUSE LIFE
INSURANCE COMPANY,

    Plaintiff-Respondent,

v.

OVERBROOK1 LLC and
MICHAEL KALISCH,

    Defendants-Appellants.

_____

        Argued March 3, 2026 – Decided March 17, 2026

        Before Judges Gilson, Perez Friscia, and Vinci.

        On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-011243-23.

        Eric J. Warner (Law Office of Eric J. Warner, LLC) argued the cause for appellants.

        Quenten E. Gilliam argued the cause for respondent (Friedman Vartolo LLP, attorneys; Quenten E. Gilliam, of counsel and on the brief).

PER CURIAM

In this commercial foreclosure action, defendants Overbrook1 LLC (Overbrook1) and Michael Kalisch (Kalisch) appeal from the August 7, 2024 Chancery Division order granting plaintiff Brighthouse Life Insurance Company's motion for summary judgment and the October 11, 2024 order denying defendants' motion for reconsideration. Having reviewed the record, parties' arguments, and applicable law, we affirm.

I.

On May 25, 2021, Overbrook1 executed a note to Commercial Lender LLC (Commercial Lender) to secure a loan for $278,400. The note provided that Overbrook1 was obligated to pay $1,353.31 by the first of each month, beginning on July 1, 2021. It also included an initial interest "rate of 4.15% per annum," a late charge penalty for any payments made ten days after the date due, and default interest of "35%" per annum.

To secure payment of the note, Overbrook1 executed a mortgage on a property in Newark (the property) in favor of Commercial Lender. Overbrook1's principal Michael Kalisch executed a guaranty agreement with Commercial Lender "unconditionally and absolutely guarantee[ing] the prompt payment and performance of" Overbrook1's note. The mortgage was recorded in the Essex County Clerk's Office on June 7, 2021.

2

On August 1, 2022, defendants failed to pay the monthly installment due. After defendants defaulted because of an "insufficiency of funds," Commercial Lender accepted and held in abeyance "an additional three" payments tendered. Defendants made payments in October, November, and December 2022, but never remitted sufficient funds to cure the default.

Approximately one year later, in July 2023, Commercial Lender assigned the mortgage and note to plaintiff. On July 24, 2023, plaintiff recorded the assignment. Two months later, plaintiff filed a complaint against defendants seeking to foreclose on the property because they defaulted on the loan. Plaintiff asserted defendants "failed to pay the monthly installments of principal and interest due on said date as required by the [promissory note]." On November 2, 2023, defendants filed separate answers.

On January 3, 2024, the court entered a case management order setting a March 15, 2024 discovery end date, an April 19, 2024 deadline for filing substantive motions, and a June 24, 2024 trial date. Defendants did not complete discovery by the March 15, 2024 deadline or seek an extension. Plaintiff later received an extension of time to file its summary judgment motion from the court, with defendants' counsel's consent.

On June 10, 2024, plaintiff moved for summary judgment, which

3

defendants opposed. Plaintiff's motion included a certification from its agent Anita Johnson, the Assistant Secretary of Fay Servicing, LLC. Johnson worked for plaintiff's loan servicer, was "responsible for the maintenance and review of internal foreclosure and loan specific documents," and was familiar with the business records in this case, including the "original collateral documents." She asserted Overbrook1 "executed and delivered a note" and mortgage to secure the $278,400 loan and Kalisch had executed a guaranty agreement for "payment of the [n]ote."

Johnson attested that defendants made no payment for August 2022 as "required by the Note and Mortgage." Further, the amount owed "remained unpaid for a time period longer than one month." Johnson explained, because defendants remained in default, "[p]laintiff elected that the whole principal sum, together with all unpaid interest and advances made by . . . [p]laintiff shall now become due." Regarding the assignment, she confirmed Commercial Lender "assigned [the] note and mortgage" to plaintiff in July 2023.

On August 6, 2024, during argument, plaintiff asserted it established standing based on the recorded assignment, defendants defaulted on the loan, and defendants failed to cure. In addressing defendants' argument that it accepted payments after default, plaintiff contended no terms of the loan were

violated, lenders are "entirely allowed to declare the entire balance of the loan immediately due upon a default," and "the lender is entitled" to place "payments in suspense because they[ are] not the full amount needed to cure the . . . balance" owed under the note.

Defendants argued Commercial Lender and plaintiff engaged in "bad faith or misconduct."  They contended that the acceptance and placement of three payments in suspension after the default occurred is "exactly what caused this foreclosure."  Defendants argued "this chain of events" demonstrated bad faith, Commercial Lender's holding of the payments in abeyance "impair[ed the] collateral," and defendants were "entitl[ed] to the property because [they were] basically caught up in . . . an orchestrated scheme."  Additionally, they argued "the amount of default interest should be abated" and requested an extension of discovery.

It was undisputed the discovery period had expired and defendants had not filed a cross-motion seeking to reopen discovery.  Defendants referenced no facts supporting they submitted sufficient funds to cure the default.

On August 7, 2024, the court issued an order, accompanied by an oral decision, granting plaintiff's summary judgment motion.  The court found "plaintiff ha[d] established that the note and mortgage were executed by . . .

A-1503-24

defendants, that there was a default on August 1[], 2022," and "plaintiff is the assignee and holder of the note." It determined defendants had failed to posit any material facts to "support any . . . suggestion of conspiracy between" Commercial Lender and plaintiff. Further, the court noted the discovery end date had passed and found "it [was] not appropriate to reopen the case."

On September 12, 2024, defendants moved for reconsideration and requested a stay pending appeal, which the court denied. The court considered defendants' arguments that plaintiff and Commercial Lender failed to communicate with defendants and acted in bad faith by holding three payments made after the default but found defendants failed to "establish[] a basis to reconsider the summary judgment order." The court again explained plaintiff established it had possession of the note and mortgage, had recorded its assignment, and defendant had remained in default. Regarding defendants' argument that three payments were held in abeyance and not applied to the loan, the court explained that defendants could contest plaintiff's future motion to set the final judgment amount. The court stated defendants were not "foreclosed from [the] opportunity to argue that the three payments . . . should not be included in the final judgment for foreclosure."

In September 2024, plaintiff moved for the court to determine the

A-1503-24

reasonableness of the default interest rate. Plaintiff highlighted that the executed commercial note provided for an initial interest rate of 4.15%, permitted "late charges in the amount of ten percent . . . for any payment overdue more than ten . . . days," and "a default interest rate of thirty-five percent." On October 25, 2024, the court entered an order finding the thirty-five percent default interest rate was reasonable. The court reasoned that N.J.S.A. 2C:21-19 does not permit "a maximum interest rate . . . which exceeds 30% per annum . . . . except if the loan . . . is made to a corporation" and recognized that "any rate not in excess of 50% per annum shall be a rate authorized." The court noted defendants did not oppose the motion to determine the reasonableness of the default interest rate and that defendants had the burden under MetLife Financial Corporation v. Washington Avenue Associates L.P., 159 N.J. 484, 501 (1999), to challenge the reasonableness of the rate.

In December 2024, the court granted plaintiff's motion to enter final judgment and found defendants owed $504,303.80, plus interest, fees, and costs. Defendants did not oppose the motion.

On appeal, defendants contend the court erred because: (1) plaintiff was not entitled to summary judgment based on plaintiff's and Commercial Lender's breach of the covenant of good faith and fair dealing and actions taken in bad

7

faith; (2) defendants' collateral was impaired by plaintiff's and Commercial Lender's bad faith; (3) the thirty-five percent default interest is unreasonable under the totality of the circumstances; (4) discovery was required; and (5) plaintiff failed to meet the required standard for summary judgment.

## II.

In an action to foreclose a mortgage, the only material issues are "the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." N.Y. Mortg. Tr. 2005-3 Mortg.-Backed Notes, U.S. Bank Nat'l Ass'n as Tr. v. Deely, 466 N.J. Super. 387, 397 (App. Div. 2021) (quoting Invs. Bank v. Torres, 457 N.J. Super. 53, 65 (App. Div. 2018), aff'd and modified, 243 N.J. 25 (2020)). "[T]o show standing . . . in a foreclosure action, the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 224-25 (App. Div. 2011) (quoting In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Ohio 2007)).

We review a motion court's summary judgment "decision de novo and afford [its] ruling no special deference." Torres, 457 N.J. Super. at 56. We apply the same standard as the motion court and consider "whether the competent evidential materials presented, when viewed in the light most

favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also Rozenblit v. Lyles, 245 N.J. 105, 121 (2021).

"A dispute of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Gayles by Gayles v. Sky Zone Trampoline Park, 468 N.J. Super. 17, 22 (App. Div. 2021) (quoting Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017)). Insubstantial arguments based on assumptions or speculation are not enough to overcome summary judgment. Brill, 142 N.J. at 529; see also Dickson v. Cmty. Bus Lines, Inc., 458 N.J. Super. 522, 533 (App. Div. 2019) ("'[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome' summary judgment motions." (quoting Puder v. Buechel, 183 N.J. 428, 440-41 (2005))).

A foreclosure action will be deemed uncontested if "none of the pleadings responsive to the complaint either contest the validity or priority of the mortgage or lien being foreclosed or create an issue with respect to plaintiff's right to foreclose it." R. 4:64-1(c)(2). Pursuant to Rule 4:64-1(d)(4), the trial court is

9

authorized to "enter final judgment upon proofs as required by [Rule] 4:64-2." The "[p]roof required by [Rule] 4:64-1 may be submitted by affidavit or certification, unless the court otherwise requires. The moving party shall produce the original mortgage, evidence of indebtedness, assignments, claim of lien . . . , and any other original document upon which the claim is based." R. 4:64-2.

We review orders denying reconsideration for abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

## III.

We first address defendants' argument that the court erred in granting plaintiff summary judgment because the requirements for foreclosure were not established. The record demonstrates plaintiff recorded the assignment of the note and the mortgage it obtained from Commercial Lender, defendants defaulted on the loan in August 2022, and defendants failed to cure the default. It is also uncontested that plaintiff established the validity of the mortgage and

standing because it "'own[ed] or control[led] the underlying debt.'" Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Defendants have presented no genuine issues of material fact disputing plaintiff's right to foreclose under the note and mortgage. Therefore, the court correctly granted summary judgment finding plaintiff satisfied all essential elements of foreclosure. See Great Falls Bank v. Pardo, 273 N.J. Super. 542, 546 (App. Div. 1994) (citing Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993)).

We next address defendants' related contentions that the court erroneously granted plaintiff summary judgment because plaintiff and Commercial Lender breached the covenant of good faith and fair dealing and acted in bad faith by holding three payments made after default in abeyance and not applying the payments to the amount owed. Again, defendants concede the loan was in default and they failed to cure. However, defendants argue plaintiff's failure to credit the three payments made "redemption or satisfaction extremely difficult." Accepting as true that Commercial Lender and plaintiff held the payments in abeyance, defendants failed to demonstrate a material fact precluding foreclosure. "To defeat a motion for summary judgment, the opponent must

come forward with evidence that creates a genuine issue of material fact." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (internal quotation marks and citations omitted). Bare assertions in the pleadings without factual support in affidavits will not defeat an application for summary judgment. Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999). Simply stated, defendants demonstrated no fact to support that they timely remitted sufficient funds to cure the amount owed under the terms of the note after the August 2022 default.

Further, as correctly noted by the court, defendants were permitted to contest plaintiff's future motions to establish the reasonable amount of default interest and the final judgment amount. While defendants alleged facts regarding the potential amount owed after default, plaintiff's acceptance of payments following defendants' default does not present a material dispute of fact prohibiting plaintiff from foreclosing on the property. The court explained that defendants "most certainly c[ould] raise" the claim that "payments were held in suspense or not applied somehow to the [loan] obligation . . . in the motion for final judgment." Defendants, however, did not oppose plaintiff's motions regarding default interest or setting the final judgment amount. We,

12

therefore, discern no error by the court in granting plaintiff's motion for summary judgment.

We also reject defendants' newly raised arguments that the court erred in fixing the rate of default interest and the final judgment amount. It is undisputed defendants did not oppose plaintiff's motions. We generally decline to consider issues not presented below "when an opportunity for such a presentation [was] available 'unless the questions so raised on appeal concern jurisdiction or matters of great public interest.'" Berardo v. City of Jersey City, 476 N.J. Super. 341, 354 (App. Div. 2023) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Nevertheless, we have considered defendants' arguments on the merits. We are convinced the court committed no error because it correctly determined the commercial default interest rate was permitted under the law and no facts demonstrated the rate was usury. See MetLife, 159 N.J. at 501 (stating that "[d]efault charges are commonly accepted as means for lenders to offset a portion of the damages occasioned by delinquent loans. As with the costs of late payments, the actual losses resulting from a commercial loan default are difficult to ascertain"). We also note defendants offered no evidence demonstrating a factual dispute concerning the final judgment amount ordered.

A-1503-24

Finally, we are unpersuaded by defendants' argument that reversal is warranted because the court failed to reopen discovery. Defendants acknowledge they did not file a motion to reopen discovery. Defendants' counsel requested during oral argument on plaintiff's summary judgment motion that discovery be reopened after a trial date had been set. Additionally, defendants failed to request the discovery extension before the expiration of the discovery period or demonstrate exceptional circumstances. R. 4:24-1(c) (stating a motion for an extension of discovery "shall be filed . . . and made returnable prior to the conclusion of the applicable discovery period" and "[n]o extension of the discovery period may be permitted after a[] . . . trial date is fixed, unless exceptional circumstances are shown"). For these reasons, the court did not abuse its discretion in determining that "discovery cannot be extended because [the parties were] well beyond the discovery" period.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

14                                                                                    A-1503-24